# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

VIRGIL LERNARD JENKINS,     )
                           )
     Plaintiff,          )
                           )
v.                     )     Case No. CV410-008
                           )
HAROLD DRUMMOND; SCMPD   )
TRAP UNIT; SCMPD; SCMPD     )
INTERIM CHIEF WILLIE LOVETT; )
MAYOR OTIS JOHNSON,      )
                           )
     Defendants.      )

## REPORT AND RECOMMENDATION

Before the Court is plaintiff Virgil Lernard Jenkins's 42 U.S.C. § 1983 civil rights complaint, which he filed on February 8, 2010. (Doc. 5.) The Court granted Jenkins leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form. (Doc. 7.) He has returned the two forms, so the case is ready to proceed. (Docs. 8 & 9.)

The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to

immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); *see also* 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court will therefore examine the complaint to determine whether it states a colorable claim for relief.

While the surrounding circumstances are unclear, Jenkins alleges that on November 15, 2009, Savannah Chatham Metropolitan Police Department ("SCMPD") Officer Harold Drummond struck him repeatedly while he was handcuffed and lying face down on the ground. (Doc. 5 at 5.) Since his eye was swollen shut and "blood shot red," he was taken to the hospital for a CAT scan to determine the extent of the damage. (*Id.*) Jenkins states that he was severely injured, claiming that Drummond "disfigured the whole right side of [his] face." (*Id.*) Based upon those allegations, he asks that Drummond be forced to pay for all of his medical expenses, in addition to other damages. (*Id.* at 6.) He also seeks damages from the other

defendants.[1] (*Id.*)

---

[1] Jenkins also asks to be "vindicated of all charges" and that Drummond be fired from the police department and those officers who withheld evidence be suspended without pay and have a report placed in their permanent files. (Doc. 5 at 6.)

To the extent he seeks release from detention, Jenkins advances no cognizable § 1983 claim but instead is asserting a federal habeas claim. *Preiser v. Rodriguez*, 411 U.S. 475, 499 n. 14 (1973) (to the extent a prisoner attacks the legality of his custody or is seeking release from custody, "his sole federal remedy is a writ of habeas corpus"). "[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser*, 411 U.S. at 489); *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). Hence, his request for release is non-cognizable under § 1983. If he wishes to proceed with such a claim, he should file a § 2241 habeas petition, but he is advised that such a claim would likely be subject to immediate dismissal for lack of exhaustion.

While 28 U.S.C. § 2241 does not contain an exhaustion requirement similar to that found in 28 U.S.C. § 2254, courts have adopted such a requirement for § 2241 petitions. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004) (exhaustion is required "in all habeas cases," including those brought pursuant to § 2241); *see Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, concurring); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254"). "[T]he [common law exhaustion] requirement was codified in 28 U.S.C. § 2254(b), but the requirement applies to all habeas corpus actions." *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir.1974); *Moore v. DeYoung*, 515 F.2d 437, 442 (3d Cir. 1975) (finding that under principles of federalism, exhaustion is required before pretrial writ can be issued); *see Wilson v. Hickman*, 85 F. Supp. 2d 1378, 1380 (N.D. Ga. 2000). Here, Jenkins represents that there exists a state criminal proceeding against him. If he believes that his current detention is unlawful, he has an available state remedy, for Georgia law recognizes the right of a person "restrained under any pretext whatsoever . . . [to] seek a writ of habeas corpus to inquire into the legality of the restraint." O.C.G.A. § 9-14-1(a).

Additionally, the Court cannot order that Drummond or any other SCMPD Trap Unit officers be fired or otherwise disciplined. In this instance, damages are his only remedy.

Jenkins states an excessive force claim against Drummond. That is, taking his allegations as true, Drummond's actions were objectively unreasonable. *Sanchez v. Hialeah Police Dep't*, 2009 WL 4829872 at *2 (11th Cir. Dec. 16, 2009) (objective reasonableness controls in the Fourth Amendment excessive force context, looking to such factors as the severity of the crime at issue, whether the person poses an immediate threat to those around him, whether he is actively resisting arrest, the need for the application of force, the extent of the injury inflicted, and whether the force was applied in good faith or maliciously and sadistically); *see Galvez v. Bruce*, 552 F.3d 1238, 1244-45 (11th Cir. 2008) (allowing excessive force claim to proceed where officer slammed a misdemeanor suspect into a concrete structure after he was handcuffed, posed no risk or danger of flight, and offered no resistance); *Reese v. Herbert*, 527 F.3d 1253, 1274 (11th Cir. 2008) (allowing excessive force claim against police officers where defendant (who committed misdemeanor obstruction) was beaten and sprayed with pepper spray while lying face down on the ground, posed no danger of immediate harm to anyone, and was not actively resisting arrest).

The remaining defendants, however, should be dismissed. Jenkins names the SCMPD and the SCMPD Trap Unit as defendants, but police

departments and their subdivisions do not have an independent legal existence and are therefore not legal entities subject to suit. *Lawal v. Fowler*, 196 F. App'x 765, 768 (11th Cir. 2006) (affirming dismissal of sheriff's department); *Lovelace v. DeKalb Cent. Prob.*, 144 F. App'x 793, 795 (11th Cir. 2005) (county police department not a legal entity subject to suit under § 1983); *Grech v. Clayton County, Ga.*, 335 F.3d 1326, 1348 n.48 (11th Cir. 2003); *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992).

Next, Jenkins has named SCMPD Police Chief Willie Lovett and Savannah Mayor Otis Johnson as defendants. (Doc. 5 at 1.) He asserts that they are responsible for the rights deprivation because they are vicariously liable for the actions of their subordinates. (*Id.* at 5.) Claims brought pursuant to § 1983, however, cannot be based upon vicarious liability or respondeat superior. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009)[2]; *Polk*

---

[2] In *Iqbal*, the Supreme Court held that "the term 'supervisory liability' is a misnomer. . . . Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." 129 S.Ct. at 1948. Thus, it rejected the plaintiff's claim that a supervisory official can be liable for purposeful discrimination based only upon his knowledge and acquiescence in the conduct (i.e., something less than purpose). *Id.* at 1949.

The dissent characterized the majority holding as a major break from prior precedent that will severely limit a litigant's ability to maintain a § 1983 or *Bivens* action

5

*County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, a plaintiff must demonstrate either that the defendant directly participated in the alleged constitutional deprivation or that there is some other causal connection between the official's acts or omissions and the alleged constitutional deprivation. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1998) (per curiam). Here, Jenkins has not offered any facts showing that Lovett or Johnson were directly involved in or otherwise caused the alleged constitutional deprivation. Hence, they should be dismissed from this case.

For the reasons explained above, Jenkins's claims against the SCMPD,

---

against supervisory officials. *Id*. at 1956-58. Indeed, it states that the Court has done away with supervisory liability entirely. *Id*. at 1957. This Court, however, is not convinced that *Iqbal* presents such a sea change; instead, it is a clarification. Plaintiffs must offer facts showing that defending supervisory officials acted with the same level of culpability as their subordinates when they and their subordinates are charged with violating the same constitutional right. That holding is entirely consistent with past precedent. After all, the deliberate indifference framework has always required more than a supervisor's "mere knowledge" that a constitutional violation has occurred in order to state a viable claim against that official. The plaintiff must allege some facts showing that the supervisory official was, like his subordinate, deliberately indifferent to the plaintiff's constitutional rights. The *Iqbal* dissent, on the other hand, seeks to impose a new rule. It would mix the culpability standards, allowing a supervisory claim based upon a lesser showing of culpability. Viewed in that light, this Court will continue to rely upon past precedent in making its supervisory liability inquiry.

the SCMPD Trap Unit, Chief Willie Lovett, and Mayor Otis Johnson should be **DISMISSED WITH PREJUDICE**. Only his excessive force claim for damages against Officer Drummond survives screening. Accordingly, the Clerk is **DIRECTED** to forward a copy of Jenkins's complaint along with this Report and Recommendation to the United States Marshal for service upon Drummond.

**SO REPORTED AND RECOMMENDED** this  6th  day of April, 2010.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA